[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION WITH RESPECT TO CHILD CUSTODY AND SUPPORT
On April 25, 2001, this court rendered its decision granting a dissolution of marriage in the above-captioned case. At that time, a decision on child custody and permanent child support was delayed until a psychiatric and psychopharmacological assessment could be accomplished and recommendations could be made with respect to the children and the appropriate medications they required.
On May 31, 2001, the court received an evaluation report with recommendations regarding Dale Anthony Hope, born on August 18, 1987; Shane Ryan Hope, born June 15, 1991; Patrick Lee Hope, born November 23, 1992; and Nicholas Jacob Hope, born December 4, 1996. The court has had ample opportunity to review the latest evaluation report and the testimony and exhibits with respect to the issues of child custody. The court is persuaded by the testimony of both parties that the mother has had the primary responsibility of scheduling the children's medical appointments with medication management, therapeutic appointments, and camp and extracurricular activities. It therefore enters the following orders:
A. Custody and Visitation
1. The parties shall share joint custody of the minor children. With respect to Dale, primary residence shall be with the husband. With respect to Shane, Patrick and Nicholas, primary residence shall be with the wife. With respect to visitation during the school year, the children who reside primarily with the wife shall spend three weekends per month with the husband from Friday after school to Sunday at 7:30 p.m. as his work schedule permits. Dale shall spend one weekend per month with the wife and any other time that Dale wishes or can be agreed upon by both parties. Nicholas shall spend additional periods of day time with the husband during the week as the husband's work schedule allows. The husband shall also be permitted contact with Shane and Patrick during the CT Page 7341 week as his employment schedule will permit and as agreed upon by the parties.
2. During the summer months, the husband shall be permitted at a minimum two uninterrupted two week vacation time periods with the four children if his work schedule permits. One of these vacation periods should occur in August and the other should not conflict with the children's day camp or summer school schedules in July unless agreed upon by the parties. The wife shall be entitled to one uninterrupted two week vacation time period with the four children during the summer. The parents to have phone contact twice a week during the two week exclusive time with the other party. Parents shall give each other two months written notice of the summer weeks they intend to exercise by May 1st
of that year.
3. The parties may agree to any other parenting time for both parents, in excess of the above-mentioned times, taking into consideration the needs and availability of the minor children. The exchanges of the children shall continue to occur at the Granby Police Station. The wife's significant other shall not be present at any of these exchanges unless agreed upon by the husband. Any modification of the parameters of these exchanges must be by the agreement of both parties or by further order of the court. It is hoped that the parties will reach a point where they will be guided solely by what is in the best interests of the children, will be able to put their differences aside and choose a more appropriate and convenient location in which to exchange the children for visits.
4. With respect to other holiday and vacation schedules, the parties shall alternate the major holidays as follows:
Even Years
The mother shall have the children on each child's birthday, Christmas eve from 4:00 P.M. to 9:00 P.M., New Years eve from 5:00 p.m. until 7:00 p.m. on New Year's Day, Memorial Weekend from 5:00 p.m. Friday to 12:00 P.M. on Tuesday; Thanksgiving Day from 9:00 A.M. to 6:00 P.M..
The father shall have the children Christmas eve from 9:00 P.M. through Christmas day at 6:00 P.M.; Easter weekend; Labor Day weekend and the July 4th holiday weekend.
Odd years
The schedule is reversed
Every year
CT Page 7342
The parents shall alternate the children's school vacation weeks other than summer; they shall have the children on their own birthdays, the father shall have Father's day, the mother shall have Mother's Day.
5. It is hoped that both parties and their respective companions will participate in counseling to address the issues relating to post-dissolution concerns, co-parenting techniques, blended family adjustments, and appropriate discipline methods. It is also hoped that the children and parties will participate in counseling as deemed appropriate to address issues related to the conflict and feeling associated with the Dissolution; that the parents will cooperate with the children's school to address the children's academic needs.
6. Each of the parents shall continue to have a full and active role in providing a sound ethical, economic, and educational environment for the children. These powers shall not be exercised for the purpose of frustrating, denying, or controlling in any maimer the social development of the children by the other parent. The parents shall exert their best efforts to work cooperatively to develop future plans for the children consistent with the best interests of the child and to amicably resolve such disputes as may arise from time to time.
7. Recognizing the abiding need for the maintenance of a sense of dual parenthood for the benefit of the children and recognizing the deep and abiding love that each parent has for the children, the parties shall work together to maintain free, open and unhampered contact between the children and the parents. Each of the parties shall allow the children to maintain free access with the other parent when the children are in residence with them, and foster a feeling of affection between the children and the other parent. Neither parent shall do anything that will estrange the children from the other parent, which will injure the opinion of the children as to the other parent or which will impair the natural development of the childrens' love and respect for each of the parents
B. Medication Issues
An area of contention between the parties has been the father's resistance to medicating the children on the weekends when the children reside with him. The court has had an opportunity to review the evaluation and concludes that the father is capable of assessing whether the children are in need of stimulant or ancillary medication during his time with them but only if he participates either by telephone or in person in the children's treatment processes. CT Page 7343
Each party shall furnish the other with copies of any reports received from third persons regarding the health, education and welfare of Dale, Shane, Patrick and Nicholas. Each party shall also inform the other of school events and major issues affecting the children.
C. Child Support
This court has considered the statutory criteria with respect to a child support determination, including but not limited to the earning potential of each parent. It is indeed unfortunate that the husband was terminated from his employment earlier this year and has only recently been re-employed at a far reduced pay level.
While the court has considered that in September, the child, Nicholas, will be school age, which will allow the wife additional time to be employed, it is also cognizant of the fact that Patrick and his siblings all have special needs to varying degrees which require the wife's attention and time away from work to attend medical appointments, therapy appointments and children's day to day activities. The court concludes that based on these considerations, the wife would be foreclosed from a standard 40 hour work week employment schedule in the foreseeable future. At the same time, the court is clear from the evidence that the wife has no housing expenses and provides assistance to her uncle in exchange for a place to live for herself and the children.
Based on all of these considerations, as well as the current custody plan, the husband shall pay child support to the wife in the amount of $110.00 per week.
D. Medical insurance and Unreimbursed Expenses
1. Each party shall be responsible for their own health insurance and unreimbursed medical expenses.
2. Each party shall be responsible for providing medical and dental insurance for the benefit of the minor children as available through their place of employment and at reasonable cost to them. They shall apply for benefits through the Connecticut Husky Program if such benefits are not available or are unduly burdensome through their place of employment. The parties shall share equally any co-pays and unreimbursed medical and dental expenses for the children.
E. Life insurance
Each party shall obtain and maintain $100,000.00 in life insurance naming the other as sole trustee for the benefit of the four minor CT Page 7344 children until they reach the age of majority.
Prestley, J.